IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vickie L. Pratt, | ) | C/A No.: 3:25-10480-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| United Parcel Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The sole issue in this Report and Recommendation is whether Vickie L. Pratt ("Plaintiff") should be required to pay the filing fee or whether her financial condition justifies waiver of the payment. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). For the following reasons, the undersigned recommends the district judge deny Plaintiff's request for indigent status.

I.    Factual Background

Plaintiff submitted a short form application to proceed in district court without prepaying fees or costs ("Form AO-240"). [ECF No. 2]. In the Form AO-240, Plaintiff stated her gross wages are $1,872 paid bi-weekly. *Id.* She listed one car as an asset and listed an unspecified amount of rent, student loans, and utilities as expenses. *Id.* On August 14, 2025, the undersigned

issued an order directing Plaintiff to complete a long form application to proceed in district court without prepaying fees or costs ("Form AO-239"). [ECF No. 5].

Plaintiff filed the Form AO-239 on August 29, 2025, in which she listed monthly income of $5,324. [ECF No. 7].[1] She also lists two cars as assets. She also lists $3,844 in expenses. *Id.*

## II.    Discussion

Grants or denials of applications to proceed in forma pauperis are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). There is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed in forma pauperis.[2] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled a denial of an application to proceed in forma pauperis by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge

---

[1] Plaintiff did not sign the AO 239 in the space declaring it is correct under the penalty of perjury, but instead signed at the end of the form.

[2] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a motion to proceed in forma pauperis is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999). The court did not

pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits a report and recommendation to preserve Plaintiff's opportunity to obtain *de novo* review by a district judge on objections.

A litigant is not required to show she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of her "impecunity"?
>
> (2) Is her access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute her last dollar, or render

---

specify the standard of review. *Id.*

herself destitute, to prosecute her claim?

*Id.* at 943; *see also Murray v. Gossett*, C/A No. 3:13-2552-CMC-SVH, 2013 WL 5670907, at *2 (D.S.C. Oct. 17, 2013) (adopting and incorporating Report and Recommendation).

Reviewing the information before the court, and considering the tests set forth in *Carter*, the undersigned recommends the court deny Plaintiff's motion. While Plaintiff indicates significant expenses, she earns significant wages. It, therefore, does not appear Plaintiff will have to choose between abandoning a potentially meritorious claim or foregoing the necessities of life to pay the $405 filing fee. *Adkins,* 335 U.S. at 339; *see also Karahalios v. Horry County Council*, C/A No. 4:17-00393, 2017 WL 1223697 (D.S.C. 2017). It also does not appear that paying the fee would render Plaintiff destitute or impose an undue hardship or effectively block Plaintiff's access to the courts.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge deny Plaintiff's applications for leave to proceed in forma pauperis. [ECF Nos. 2]. If the district judge accepts this recommendation, it is further recommended Plaintiff be allowed fourteen days from the date of the order denying indigent status to submit the required filing fee.

IT IS SO RECOMMENDED.

September 4, 2025                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).